JUDGE GETTLEMAN
MAG. JUDGE KEYS

**FILED**

DEC 1 4 2007 *aew*
DEC 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Page 2

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **ILLINOIS** | |
|---|---|---|
| Name under which you were convicted : **JENNIE VALENCIA** | Docket or Case No.: **04CR 915 – 17** | |
| Place of Confinement: **P.O. BOX 5100 ADELANTO, CA. 92301** | Prisoner No.: **17361-424** | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) **JENNIE VALENCIA** | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging.

   **UNITED STATES DISTRICT COURT FOR THE EATERN DISTRICT OF ILLINOIS**

   (b) Criminal docket or case number (if you know): **04CR 915**

2. (a) Date of the judgment of conviction (if you know): **JANUARY 5, 2007**

   (b) Date of sentencing: **JANUARY 5, 2007**

3. Length of sentence: **18 MONTHS**

4. Nature of crime (all counts): **TITLE 21 UNITED STATES CODE, SECTION 846 AND TITLE 18 UNITED STATES SECTION 2 (COUNT ONE) CONSPIRACY TO CONDUCT AND ATTEMPT TO CONDUCT FINANCIAL TRANSACTIONS AFFECTING INTERSTATE AND FOREIGN COMMERCE THAT INVOLVED PROCEEDS OF A SPECIFICT UNLAWFUL ACTIVITY.**

5. (a) What was your plea? (Check one)

   (1)  Not guilty ❑          (2)  Guilty ❑          (3)  Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❑     Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?  Yes ☐  No ☐

9. If you did appeal, answer the following:

   (a) Name of court: _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☑

   If "Yes," answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

   (5) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

   Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: _____ VIOLATION OF CONSTITUTIONAL RIGHTS _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**SEE ATTACHED**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Page 6

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** ___ DENIED RIGH TO APPEAL ___

_____

**(a)** Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
     SEE ATTACHED

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

GROUND THREE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)

_____
_____
_____
_____
_____
_____
_____
_____

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____
    _____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: __INEFFECTIVE  ASSISTANCE  OF  COUNSEL__

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE  ATTACHED

_____

_____

_____

_____

_____

_____

_____

**(b)  Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

13. Is there any ground in this motion that you have __not__ previously presented in some federal court? If so which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____
_____
_____
_____
_____
_____

14. Do you have any motion, petition, or appeal __now pending__ (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐  No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____
_____
_____
_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: _____

_____
(b) At arraignment and plea: _____

_____
(c) At trial: _____

_____
(d) At sentencing: _____

_____

Page 12

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment in the same court and at the same time?    Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*   THIS MOTION IS WITHIN THE ONE YEAR LIMITATION

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ _____ (month, date, year).

Executed (signed) on  12/09/07  (date).

_____

Signature of Movant

~~PABLO SOTO~~ JENNIE VALENCIA

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

## IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

JENNIE VALENCIA # 17361-424
FEDERAL CORRECTIONAL CAMP
P.O. BOX 5100
ADELANTO, CA. 92301

UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF ILLINOIS AND THE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>RESPONDENT )<br>)<br>V )<br>)<br>)<br>JENNIE VALENCIA )<br>)<br>PETITIONER ) | CRIMINAL CASE # 04 CR 915<br>MOTION UNDER 28 U.S.C § 2255 TO VACATE<br>SET ASIDE OR CORRECT SENTENCE BY<br>A PERSON IN FEDERAL CUSTODY. |

COMES NOW PETITIONER JENNIE VALENCIA **Pro Se**  requesting this Honorable
Court to accept this Motion and grant petitioner the opportunity to be
heard and allow the truth to comeforward.

Petitioner is not an expert in the law and pray that this Honorable
Court accept this § 2255 and allow her to have a reduce sentence and
allow her to have a home arrest instead of prison, and allow her to based
this motion that she recieved ineffective assistance of counsel that promise
that she was only getting probation not jail time.

The jurisdiction of this post-conviction remedy, as well as the scope of its application is established within the staturory framework of 28 U.S.C. 2255 nad the historical protection  in the Federal Constitution specifically an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall only be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentence her or that such court had denied her relief.

unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of her detention.

Petitioener seeks to vacate and set aside her sentence due to errors of constitutional magnitude occurring at her sentencing and as part of her right to appeallate review.  There errors were the causative result of acute violations of petitioner's Fifth Amendment rights as well as petitioner's denial of effective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution but for these abreidgments petitioner would not have suffered the detrimetn of these errors and more likely than not would have been acquitted of much of the charged conduct. Petitioner Valencia pray that this Honorable Court accept this motion and grand petitioner the opportunity to have a sentence reduce and allow her to have a sixth month halfway house, and reduce her sentence do to the fact that her counsel mention to her several times that she was facing only probation not jail time and not knowing the consequences petitioner sign the plea agreement causing this extremely hardship on petitioner sentence.

Petitioner's conviction and sentence were tainted as petitioner did not receive effective assistance of counsel during the underlying criminal proceedings.

The Sixth Amendment to the United States constitutes insures effective assistance of legal representation to all criminal defendant's "The right to competent counsel must be assured every man accused of crime in Federal Court" State of Union Address, John F. Kennedy, Jan 14, 1963 U.S. Code Cong, and Admin News 2990. An abridgment of this core, contitutional right meets the error of constitutional magnitude outlined in Addonizio.

Petitioner feels that not having the effective assistance of counsel she was deprived of petitioner's contitutional rights and counsel was so ineffective that never took the time to explain to petitioner the plea agreement and there is a wrong information done in this plea agreement, and counsel never explain to Valencia and she sign beliving that she was getting probation instead of jail time because that 's what counsel promise petitioner that she was getting only probation.

Petitioner pray that this Honorable Court construe her § 3582 into 2255 and allow her to have a fresh start with her family.

## MEMORANDUM IN SUPPORT

Comes now petitioner pro se, and respectfully submits this memorandum
in support of the motion to correct her illegal  sentence imposed using
sentencing factors and conduct considered relevant conduct in violation
of her Sixth Amendment Right in the Constitution and her due process
rights of the judicial system.  Petitioner presents this memorandum in
support of her affidavit, and pray that this Honorable Court accept this
Motion and Grant petitioner the opportunity to be heard.

Petitioner did not agree with the sentence impose and she requested
counsel several times to rebutle the presentence report, but counsel was
so ineffective that never took the time to help petitioner in the process
of her case.

Petitioner never agree to the drug amount and mention to counsel several
times but counsel was so ineffective that never rebutle all petitioner's
arguments.

> [D]rug quantity is an element must always be pleaded and
> proved to a jury or admitted by a defendant to support
> conviction or sentence on an aggravated offense under § 841
> (b)(1)or-(b)(1)(B). If a defendant only on a lesser unquantified
> drug charge, he must be sentenced pursuant to § 841 (b)(1)(C)
> which generally provides no minimum mandatory sentence.

**GUILTY PLEA.**  Because the defendant was misinformed as to his right to have
the charged rgu quantity proved to a jury and because he did not admit drug
quantity at her plea allocution. Her guilty plea to an aggravated § 841
(b)(1)(A) offense was not knowing, voluntary or sufficient to support the
judgment of conviction." the Court concluded.

Furthermore , because the circumstances of this case do not show taht
the defendant would have pleaded guilty to the offense had he been properly

## I. Ineffective assistance of Counsel

It is axiomatic that the Sixth Amendment guarantees the right to the effective assistance of counel. Strickland v Washington, 466 U.S 668, 104, S. Ct.  2052, 80 L Ed 2d 674 (1984). This right guarantees that criminal defendants will receive assitance of counsel which will not be reddled with error and incompetnece to the point at which it constitutes a violation of the right to have an attorney. "Counsel can ....deprive a defendnat of the right to effective assistance of simply by failing to render adequate legal assistance. Id., at 686

A claim of ineffective assistnace of counsel is a mixed question of law and fact reviewed de nove. United States v Angelone, 894 F.2d 1129, 1130 (9th Cir 1990).  To prevail on such a claim under Strickland a petitioner msut establish (a) that his counsel's representation was outside the wide range of professionally competent assistance, and (b) that she was prejudiced by reasons of his counsel's representation. Strickland,  466 U.S. at 687-88. An Attorney's performance is deficient fi it falls below an "objective standar of reasonablenes. "Strickland 466 U.S. at 688.

In the present case, attorney limited understanding of petitioner's clients's transactions and the pertinent procedures and regulations prevented counsel from rising to the "range of competence demanded of attorney.s" Hill , supra.

## 2.FAIR AND JUST REASON

It has been said that the term" fair and jsut reason" lacks any presense of scientific exactness" United States Barker, 514 F2.d 208, 220 (D.C. Cir 1975). Nonetheless, this court has attemped to provide shape to this term by holding that a court shall" vacate a

plea of guilty shown to have been unfairly obtained or given through
ignorance, fear or inardvertence." United States v Rubalcaba   , 811 F.2d
491, 493 (9th Cir 1986) (quoting Kercheval v United States 274 U.S. 220
224, 47  S. Ct 582 71 LEd. 1009 (1927).

It is an obvious conclusion from the declaration of attorney
that if he had convinced his client to delcare the case was indefensible
he believed that he could not defend the case. Upon reaching that
conclusion, he must convice hsi client to plead quilty  or proeed to
trail, whcih was schedule the next day.

### 3.VOLUNTARINESS

The concept of ineffective assistanceof counsel also applies to guilty
pleas. United States v Keller 902 F.2d 1391, 1394 (9th Cir 1990). Where
a defendant enters a plea of guilty upond the advice of counsel "the
voluntariness of the plea depends on whethen counsel's advice was within
the range of competnence demanded of attorneys in criminal cases "Hill
474 U.S. at 56. Indeed. "During all critical stages of a prosecution
which must include the plea bargaining process, it is counsel'd duty
to consult with the defendant on important decisions and to keep the
defendant informed of important developments in the course of the
prosecution.  Those obligations ensure tht the ultimate authority
remains with the defendant 'to make certain fundametnal decisions
regarding the case, as to whether to pled guilty, waive a jury , testify
in his or her own behalf or take an appeal" Nunes v Mueller,     350
F.3d 1045, 1053 (9th Cir 2003). To show prejudice in the context of
a plea agreement. " the defendant must show that there is a reasonable
probability that, but for counsel's errors . she would not have pleaded

It has long been recognized that " a guilty plea is a grave and solemn
act to be accepted only with care and discernment." Brady v United States
397 U.S. 742 , 748 90 S. Ct 1463, 25 L. Ed. 2d 747 (1970) . By pleading
guilty, a defendant waives several fundamental Constitutional rights
including the Fifth Amendment right not to be a witness against herself
and her Sixth Amendment right to a jury trial.  She releases the government
from its burden of having to prove her guilty beyond a reasonable doubt.
And she forsakes her right to be confronted with the witnesses against her.
Brady 397 U.S . At 748.

Accordingly, a guilty plea unequivocally must be voluntarily and know-
wingly made.  Boykin v Alabama  395 U.S. 238, 242-43, 89 S. Ct. 1709 23 L.
2d 274 (1969). If a defendant's guilty plea is not equally voluntarily
and knowing, it has been obtained in violation of due process and is there-
fore void." McCarthy v United States  394 U.S. 459, 22 L.Ed. 2d 418, 89 S.
Ct. 1166 (1969). The test for determining the voluntary and intelligent choice
among the alternative courses of action open to the defendant. " Hill v
Lockhart, 474 U.S. 52, 56, 88 L. Ed. 2d 203, 166 S. Ct 366 (1985).

. In accordance with these principles , Rul 11 (d) of the Federal Rules
of Criminal Procedure provides that a defendant may withdraw her guilty
plea prior to sentencing whenever there is a "fair and just reason" for
doing so United States v Nostratis, 321 F.3d 1206, 1208 (9th Cir 2003).

While a defendant does not always have a right to withdraw her plea
of guilty, there is no limitation on the withdrawal and such a request
should be "freely granted" by the district Court United States v Navarro
-Flores, 628 F.2d 1178, 1183 (9th Cir 1980); United States v Castello
724 F.2d 813, 814 (9th Cir 1984). A district court's decision whether to
grant a motion for withdrawal of a guilty plea is reviewed by this court
for abuse of discretion. United States v Turnipseed,    159 F.3d 383, 387
(9th Cir. 1998). See Nostratis  321 F.3d at 1208 n. 1.

and would have insisted on goint to trial." Hill474 U.S. at 59

United States v Baramdyka,95 F.3d 840, 844 (9th Cir 1996). A claim

of ineffective assistance of counsel is generally not cognizable on

appeal unless "the recored is sufficiently complete to allow the appellate

court to decide the issue." United States v Swanson., 943 F.2d 1070, 1072

(9th Cir 1991). In the instant case, the recored is sufficient for this

court to review Petitioner's claim .

   Petitioner was never aware of the consequences of her going to trail

counsel never explain to petitioner that by signing the plea agreement she

was waiving all her constitutional rights.

   Petitioner's shall "vacate a plea of guilty shown to have been unfairly

obtained or given through ignorance fear or inadvertence. United States

v Rubalcaba, 811 F.2d 491, 493 (9th Cir1986) (quoting Kercheval v United

States 274 U.S. 220 , 224 47 S Ct. 582, 71 LEd 1009 (1927).

   Petitioner received no benefit in exchange for her guilty plea Pursuant

to Blakely  and Booker   , Defendant was entitled to be sentenced only

based on her factual admissions and resulting in a base level_____. The

total offense level was calculated with a base offense level___ for the

elements of the offense level of ____ in Criminal History Category I

under the 1998 Guidelines Manual "any fact (other than a prior conviction

which is necessary to support a sentence exceeding the maximum authorized

by the facts established by a plea of guitly or a jury verdict msut be

admitted by the defendant or proved to a jury beyond a reasonable doubt

United States v Booker, 543 U.S. ___,125 S. Ct 738 at 756 (Jan 12, 2005)

**SENTENCING ERRORS REQUIRE REMAND.**

**A. The Sentencing Must be Vacated Because The District Court Failed to
Rule On the Specific And Detailed Factual Objections To The PSR Under
F.R.Cr.P Rule 32.**

**F.R.cr. P , Rule 32,** requires a Court to rule on unresolved objections to the pre-sentence report before sentencing, Merely imposing sentence is not a sufficient resolution. United States v Carter 219 F.3d 863 867-68 (9th Cir 2000); United States v Standard.207 F.3d 1136, 1142 (9th Cir 2000).

Defense counsel filed factually detailed objctions to the PSR in this case, These objections ranged from specific challenges to the Government's mis-characterization of the exact nature of the case. Counsel never took the time to explain petitioner the Presentence Report cousnel was so ineffective that never rebutle to the objections to the Presentence Report. And the mere fact that the district Court failed to resolve the objections requires to vacate petitioner's sentence.

The district court never explicitly stated its findss and the resolution of the objections. Merely imposing sentence was not a sufficient resolution. United States v Carter  219 F.3d 863, 867-6 8 (9th Cir 2000) United States v Standard   207 F.3d 1136, 1142 (9th Cir 2000).

**DEFENDANT WAS SENTENCED BASED ON MATERIALLY INCORRECT INFORMATION**

Defendant's right to due process include the right of not" be sentenced on the basis of materially incorrect information " United States v Cantrell 433 F.3d 1269, 06 Cal. Daily Op. Serv 396, 2006 Daily Journal D.A.R 565 ((TH Cir Jan 13, 2006) See also United States v Petty,    982, F.2d 1365 70-(9th Cir 1993), amended by 992 F.2d 1015 (9th Cir 1993).

For all these reasons petitioner pray that this Honorable Court accept this §2255 Motion and vacate petitioner's setnence and give her the opportunity to have an early release.

Defendant's right to due process were violated because she was sentenced based on materially incorrect inforamtion .

**UNDER U.S.C. § 3553(C) THE COURT ERRED BY NOT STATING ITS REAONS FOR IMPOSING DEFENDANT'S SENTENCE.**

Pursuant to 18 U.S.C § 3553 (c) a district court must provide a "specific" statement of reason for its decison, In U.S. v Price 51 F.3d 175 (9th Cir 1995), the sentencing court adopted the PSR calculations, and sentenced the Defendant to ___months of imprisonment without stating its reasons for imposing such a sentence.

In imposing petitioner's sentence, the Court stated that if found the PSR to be accurate . The Court adopted the PSR's findings, and imposed a ___months sentence.  This too is an error and requires remand 18 U.S.C § 3553 (c) mandates that the court at the time of sentencing state reasons for imposing the sentence if it exceeds 24 months.

Here, the Court did not specifically state the reasons for imposing petitioner's sentence other than adopting the PSR recommendations In U.S. v Vallejo  69 F. 3d . 992, 993 (9th Cir 1995) , the trial court similarly said; "It will be the sentence of the court based on all the papers... based on everythign I've read... it will be ___months. The appellate court vacated and remanded the sentence because the district court failed to explain its ruling as required by 18 U.S.C.§ 3553 (c) Id. at 69 F.3d 995, See also U.S. v Real Hernandez     90 F.3d 356 (9th Cir 1996) ("with the knowledge that the court has in this particular case" is inadequate in regard to § 3553 (c)(requirements).  That the Court below adopted the PSR  where reasons for imposing the sentence wre stated stills does not comply with 18 U.S.C § 3553 (c). In U.S. v Prince  51 F.3d 175 (9th Cir 1995) , the sentencing court adopted the PSR recommendations.  This was held inadquate reasoning under the statute and the matter to be vacated.

As seen on Campusano v U.S. 442 F.3d 770 (2nd Cir 2006).  The Sixth

Amendment to the United States Constitution provides that [in]all criminal

prosecutions, the accused shall enjoy the right ....to have the Assistance

of Cousnel for his defence "It has long been recognized that the right to

counsel is the right to the effective assistance of counsel McMann v Richar-

dson 397, U.S. 759, 771 n, 14, 90 S. Ct 1441 25 L.Ed. 2d 763 (1970). Under

teh familiar two-part test of Strickland v Washington 466 U.S. 668 A

defendant claiming ineffective assistance of counsel must demonstrate that

the presentation (1) "Fell below an objective standard of reasonableness

At the instant case counsel never explain to petitioner that she could

appeal her, case , only thing he keep saying is that she did not had nothing

to appeal and if she appeal the government was giving her more jail time

and been afraid petitioenr sign the waiver fee that was in the plea agree-

ment induce by her counsel,  In Flores -Ortega, the Supreme Court applied

the Strickland test to claims that counsel was constitutional ineffective

for failing to file a notice of appeal 528 U.S. at 476-477 120 S. Ct. The

Flores-Ortega court held that a lawyer who disregards a defendant's specific

insturctions to file a notice of appeal acts in a manner that is professiona-

lly unreasonable, id at 447, 120 S Ct 1029, and that where counsel's error

leads to teh forfeiture of a proceedings itself.  prejudice will be presumed

id. at 483-84.

> **When counsel fails to file a requested appeal, a defendant
> is entitled to a new appeal without showing that his
> appeal would likely have merit"" It(quoting Peguero v United
> States.**

For all these reasons petitioner pray that this Honorable Court accept this

motion and grant petitioner the opportunity to be heard and pray that this

court allow her to have her appeal, or a re-sentence and to lower her sentence

Petitoner pray that this Honorable Court grant a hearing and give petitioner the opportunity to be heard, and allow the truth to comeforward on Campusano v U.S. 442 F.3 770, When a claims that his attorney failed to file a requested notice of appeal, the following proceedings will ensue (1) a hearing before the district court pursuant to 2255 to determine whether the client requested the appeal: (2) an appeal from the district court's ruling should either party seek one; and (3) a direct appeal if the defendant did in fact requeste that a notice of appeal be filed.  The approach advocated by the government and the district court would entail the following (1) a proceedign before the the district court pursuant to 2255 in whcih the district court may dismiss the motion if the court finds that any appeal would have been meritless (2) an appeal from the district court's ruling, should either party seek one, and (3) a direct appeal if the defendant prevails on his ineffective assistance challenge.

As the Supreme Court has stated "[t]hose whose right to appeal has been frustrated should be treated exactly like any other appeallants they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings ." Rodriquez v United States 395 U.S. 327 , 330 89 S. Ct. 1715 23 L.Ed. 2d 340 (1969 ) The concern animation Flores-Ortega that defendants not be forced by attorney error to accept "the forfeiture of a proceeding itself" is a powerful one even where the defendant is the only person who believes an appeal would be worthwhile.

Petitioner was never in agree with the sentence impose she ask counsel several times to file an appeal but counsel refuse to do the filing and all this deprived petitioner of her constitutional rights and for all these petitioener feels that this Honorable Court should Grant a re-hearing

WOODARD V COLLINS____, 898 F.2d 1927 (5th Cir. 1990)

Trial counsel recomending defendant to plead guilty to crime which counsel had not investigated, constitutes ineffective assistance of counsel.

HERRING V ESTELLE,____ 491 F.2d 125 (5th Cir 1974)

Trial counsel's failure to familiarize himself with the facts, law relevant to the case in relation to the guilty plea, constitutes inevvective assitance and renders the plea involuntarily entered

TEAGUE V SCOTT  , 60 F.3d 1167 (5th Cir. 1996)

Trial v Scott, 60 F.3d 1167 (5th Cir 1995)

Trial Counsel's failure to advise defendant of maximum penalty, constitutes deficient performance.

U.S. v BORDERS,_____, 992 F.2d 563 (5th Cir 1993)

Trial Counsel who induced defendant to plead guilty to a plea agreement which was ambiguous, amounted to ineffective assitance of counsel.

HERNANDEZ -HERNANDEZ v U.S.____ 904 F.2d 758 (1st Cir 1990)

Trial counsel's inducement of a guilty plea by a specific sentence which the petitioner did not receive, constitutes ineffective assistance of counsel.

For all these reasons petitioner pray that this Honorable Court accept this motion and Grant Petitioner the opportunity to be heard and allow her to have a sentence reduce, and allow her to have a 6 months halfway house and, to have a home arrest so she can be back to her children that need her and with her children .

Respectfully Submitted on this __9__ day of December, 2007

By

_Jennie Valencia_____
Jennie Valencia

### CERTIFIED OF SERVICE

This is to certified that I Jennie Valencia deposit this § 2255 Motion on a Federal Correctional Camp on this __9__ day of December, 2007

_Jennie Valencia_____
Jennie Valencia